Avtar SINGH, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–73659.

Agency No. A76–868–736.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.[*]

Decided Dec. 10, 2004.

Inna Lipkin, Law Office of Inna Lipkin, Redwood City, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS—District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE and TROTT, Circuit Judges.

### MEMORANDUM[**]

Avtar Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming an Immigration Judge's ("IJ") decision denying his application for asylum, withholding of removal and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review the IJ's findings expressly adopted by the BIA. *See Shah v. INS*, 220 F.3d 1062, 1067 (9th Cir.2000). We review for substantial evidence, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition.

Substantial evidence supports the IJ's adverse credibility findings because Singh's testimony contained inconsistencies going to the heart of his asylum claim concerning the nature of his release from detention and the date of his first arrest; accordingly, Singh failed to establish eligibility for asylum. *See id.* at 1043.

Because Singh failed to demonstrate that he was eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See*

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

In addition, substantial evidence supports the agency's denial of relief under the CAT. *See id.* at 1157.

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), Singh's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.